# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASDRUBAL SOLIS,<br><br>            Plaintiff,<br><br>      v.<br><br>J. JENSEN, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-00483-SKO PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

Plaintiff Asdrubal Solis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and was incarcerated at Avenal State Prison at the time of the events described in his complaint. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names J. Jensen, C. Cullen, and Rita Lane as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint within thirty (30) days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Factual Background**

Plaintiff alleges that he received a priority ducat to report to the dental department at Avenal State Prison on March 12, 2008 at 1:30 p.m. Plaintiff reported to his work assignment at 7:00 a.m. and informed his supervisor of the appointment. Plaintiff was released at 1:20 p.m. but was held in "work-change"[1] until 2:10 p.m., causing him to miss his appointment. Upon arriving at the dental department, Defendant J. Jensen informed Plaintiff that he needed to submit another Health Care Services Request Form (CDC 7362) to reschedule his appointment. Plaintiff was further informed that he was in violation of CCR §3014 and would be issued an administrative disciplinary report for missing his dental appointment.

///

---

[1] Plaintiff mentions "work-change" throughout his complaint but provides no explanation as to its meaning.

On March 19, 2008, Plaintiff filed an appeal regarding his disciplinary report and requested that his dental appointment be rescheduled without filing another CDC 7362. Defendant C. Cullen reviewed the appeal and concluded that Plaintiff was required to file a CDC 7362 if he wanted a new dental appointment. Plaintiff filed a secondary appeal which was granted; he was given another appointment without having to submit a CDC 7362. Plaintiff was also told that the disciplinary report would be rescinded, but Plaintiff complains that it was not rescinded.

### III. Discussion

#### A. Rita Lane as a Defendant

Plaintiff names Rita Lane as a defendant but makes no factual allegations linking actions or omissions by Lane to a deprivation of Plaintiff's rights.

To establish a prima facie case under Section 1983, Plaintiff must demonstrate proof that (1) the action occurred "under color of law" and (2) the action resulted in a deprivation of a constitutional right or federal statutory right. McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000). A person deprives another of a constitutional right, within the meaning of Section 1983, if that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which that person is legally required to do that causes the deprivation of which the complaint is made. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44. Here, Plaintiff has failed to allege facts to state a Section 1983 claim against Rita Lane.

#### B. Claim for Violation of Eighth Amendment Rights

Plaintiff does not specifically identify what constitutional rights or civil rights were violated by Defendants. However, construing the complaint liberally, the Court assumes that Plaintiff is seeking relief for the violation of his rights under the Eighth Amendment, which protects the "physical, dental, and mental health" of inmates. Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); see also Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (noting importance of providing dental care to prisoners). A prison official violates the Eighth Amendment only when two

requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Deliberate indifference to a prisoner's serious illness or injury creates a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The delay of, or interference with medical treatment can amount to deliberate indifference. *See* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See* Hallett, 296 F.3d at 745-46; Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

The allegations set forth by Plaintiff are insufficient to support a claim for violation of the Eighth Amendment. Plaintiff has not claimed that he suffered any further injury as a result of the delayed dental appointment. Nor has Plaintiff established that any injury suffered or risk of injury was serious enough to fall within the purview of the Eighth Amendment. Further, Plaintiff has not alleged any facts to establish that each Defendant acted with deliberate indifference or with actual knowledge of the risk to the Plaintiff. The Court will provide Plaintiff with the opportunity to file an amended complaint.

**C.    Claim Regarding the Continued Existence of Plaintiff's Disciplinary Report**

Plaintiff complains that the disciplinary report has yet to be rescinded as per his secondary appeal. It is unclear whether Plaintiff is attempting to raise this issue as another claim based on the violation of his constitutional or civil rights caused by the continued existence of the disciplinary report in his record. Plaintiff claims that the report will cause irreparable harm because the California Board of Parole will consider it as an infraction during Plaintiff's parole consideration. "[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus...." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The rule in Heck applies to suits that would necessarily imply the invalidity of a disciplinary hearing that results in a prisoner's sentence being extended due to the loss of good time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Plaintiff's complaint alleges the disciplinary report has not yet been rescinded despite the outcome of his secondary appeal. Plaintiff's claim is premised on the potential injury he may suffer from the fact that the disciplinary report may extend his length of incarceration. Such a claim is barred until Plaintiff can show that his disciplinary report was reversed or rescinded. Plaintiff may seek "a federal court's issuance of a writ of habeas corpus" to challenge the possible extension of his sentence caused by the disciplinary report. Heck, 512 U.S. at 487. Therefore, Plaintiff's Section 1983 claim based on the extension of his prison term is barred until his disciplinary report is reversed or rescinded by prison officials on appeal or by a habeas proceeding in court.

## IV.   Conclusion and Order

Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

1  ///

2  However, although Plaintiff's factual allegations will be accepted as true and that "the
3  pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint
4  must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible
5  on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  "A claim has facial
6  plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable
7  inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at
8  556).

9  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
10  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
11  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
12  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
13  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
14  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
15  1474.  In other words, even the claims that were properly stated in the original complaint must be
16  completely stated again in the amended complaint.

17  Based on the foregoing, it is HEREBY ORDERED that:
18  1. Plaintiff's complaint is dismissed for failing to state any claims upon which relief
19  might be granted;
20  2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
21  3. Plaintiff shall be given leave to file an amended complaint within **thirty (30) days**
22  from the date of service of this order; and
23  4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to
24  state a claim upon which relief may be granted.

26  IT IS SO ORDERED.
27  **Dated:    June 28, 2010**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE